UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LARRY D. BELL, ) | |
| ) | |
| Petitioner, ) | |
| v.  ) | Case No. 06-CV-2093 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On May 11, 2006, Petitioner, Larry D. Bell, filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (#1).  In his Motion, Petitioner raised ten grounds for relief, all of which involved claims that his counsel was ineffective.  On June 9, 2006, the Government filed its Response to Petitioner's Motion under 28 U.S.C. § 2255 (#4).  The Government argued that Petitioner's written waiver of his right to collateral attack, which was included in his plea agreement, bars his motion under 28 U.S.C. § 2255.  The Government also argued, in the alternative, that Petitioner failed to timely file his Motion.  This court agrees with that Government that Petitioner's Motion is not timely.  Therefore, this court concludes that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (#1) must be dismissed.

FACTS

On June 2, 2004, Petitioner was charged in a one-count indictment with distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 8, 2004, Petitioner signed a written plea agreement and pleaded guilty to the charge in the indictment.  In the written plea agreement, the Government agreed that Petitioner should receive a sentence reduction for acceptance of responsibility and provided Petitioner the opportunity to cooperate with the Government and potentially receive a

downward departure for substantial assistance. In exchange for these and other concessions, Petitioner agreed to waive his right to appeal and also agreed to a detailed waiver of his right to collaterally attack his sentence. Petitioner signed the agreement below a paragraph which stated:

> 27. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating that I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

This court accepted Petitioner's guilty plea as knowingly and voluntarily made.

On February 9, 2005, this court conducted a sentencing hearing. At the hearing, this court determined that Petitioner was a career offender, over Petitioner's objection. This court then determined that Petitioner's guideline sentencing range was 188-235 months. The Government made a motion for a downward departure based upon the substantial assistance provided by Petitioner. The Government recommended a 10% downward departure and recommended a sentence of 180 months. This court granted the Government's motion for a downward departure and sentenced Petitioner to 169 months of imprisonment. Judgment of conviction (#20) was entered on February 11, 2005.

Petitioner did not file a Notice of Appeal.

As noted, on May 11, 2006, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (#1).

## ANALYSIS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255, ¶ 6(1). In this case, the judgment became final when the time period for filing an appeal, 10 days, expired. The time for filing a notice of appeal expired on February 28, 2005. See Fed. R. App. P. 26(a). Therefore, Petitioner had one year, or until February 28, 2006, to file his Motion. See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due). Petitioner did not file his Motion until May 11, 2006. His Motion was more than two months late and was clearly untimely, unless this court is persuaded that the statute of limitations can and should be equitably tolled for his claims. See Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004).

In his Motion, Petitioner offers several excuses for why his Motion should not be deemed time-barred. Petitioner stated that he was in state custody for four months on another charge after his sentencing on his federal case and that for another month he was in "transition." Petitioner stated that he spent some time in protective custody and solitary confinement. Petitioner also claimed that further delays were caused by difficulties in communicating with the lawyer who had represented him and securing a transcript of the sentencing hearing.

Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir.

3

2003), quoting Marcello, 212 F.3d at 1010. The "equitable tolling of a statute of limitations is an extraordinary remedy reserved for truly exceptional situations." Nolan, 358 F.3d at 486. The Seventh Circuit stated in Modrowski that it rarely deemed equitable tolling appropriate and noted that it had "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski, 322 F.3d at 967. The Seventh Circuit noted that equitable tolling was not warranted by a prisoner's lack of access to his trial transcript (see Lloyd v. VanNatta, 296 F.3d 630, 633 (7th Cir. 2002)), by the lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons (see Montenegro v. United States, 248 F.3d 585, 594 (7th Cir 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001)), or by unclear law and the death of the attorney's father (see Marcello, 212 F.3d at 1010). Modrowski, 322 F.3d at 967. In Modrowski, the Seventh Circuit concluded that equitable tolling could not save a petition which was filed one day late due to the incapacity of the prisoner's attorney caused by physical and mental ailments. Modrowski, 322 F.3d at 967-69.

  Based upon this precedent, it is clear that none of the excuses presented by Petitioner warrant equitable tolling for the more than two months that elapsed between the expiration of the limitations period and the filing of his Motions. This court notes that the record shows that the transcript of Petitioner's sentencing hearing was filed on October 27, 2005, and Petitioner stated that he received it December 1, 2005. Therefore, the record shows that Petitioner had the information needed to file his Motion prior to the expiration of the deadline. This court concludes that there is nothing extraordinary about this case which would warrant equitable tolling of the limitations period. See Montenegro, 248 F.3d at 594. Accordingly, this court agrees with the Government that Petitioner's Motion must be dismissed as untimely. Because of this conclusion, this court does not need to address the Government's argument that Petitioner waived his right to filed a motion under § 2255

in his written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is dismissed because it was not timely filed.

(2) This case is terminated.

ENTERED this 8th day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE